## The Administration of the Goods of DAVID PATULLO.

WHERE a new surety has to be given by an administrator, a bond reciting the former bond, and executed by the single new surety, is in proper form.    The administratrix need not join in the new bond.

    B. GALBRAITH, *in person.*
    JAS. H. COLEMAN, *for administratrix.*

THE SURROGATE.    Benjamin Galbraith, one of the sureties of the administratrix, petitions to be released from further liability as such, and the administratrix has been ordered to give a new surety in his stead.    ·The citation has been served upon the administratrix, by leaving it at her last place of residence, she not being found, and having left the country.    Her proctor and counsel appear for her on the return day, and tender a bond, executed by a single surety, in the same·penalty as the first or original bond now on file in this office, reciting the original bond *in verbis,* and undertaking the same responsibility as Mr. Galbraith undertook.    The obligor of this bond justifies in the same amount as Mr. Galbraith had justified in.

    Objection is made by Mr. Galbraith to the bond tendered, lest it may not relieve him of the responsibility he seeks to escape.    He insists that it is irregular in form, the administratrix not having joined in it, and that the

statute contemplates a new and full bond to be made by the administratrix along with her sureties. (*Laws of* 1837, *ch.* 460, §§ 30, 31.)

It seems to me, that in consenting to the release of one surety where the other remains, the statute does not contemplate any further infringement upon the bond he has executed. The original bond still exists in all its integrity; it is only affected so far as to discharge the future responsibility of one obligor. The Surrogate is empowered to absolve this surety from liability "for any subsequent act," default or misconduct of the administratrix. The discharged surety, as well as the other obligors, is still liable to be sued for any past act or omission of his principal. The statute is one of relief, and not of nullification. It never contemplated the destruction of the original bond, for if that were destroyed no action would lie upon it. Would it not be a defense to an action brought on this bond against the original parties for a past breach of the condition, that the bond was no longer in existence? The bond, therefore, remains as it was, *ad hoc.*

A new surety is offered, and comes forward. Is it necessary to make a full new bond, in which the administratrix, the new surety, and the one of the two former sureties who remains, shall join? That is perhaps the more usual course, but is it the only possible one? In this case, for instance, the administratrix is out of the country, and cannot join in the new bond within the time required. I think it is not necessary that she should join in this new bond. It may be executed by the new surety alone, provided it recites the original bond, and the proceedings had on this application, and annexes itself to the original bond as a part and parcel of its provisions. The Legislature has not directed that a full new bond shall be given; had it so intended, language expressive of its meaning would have been used. I shall, therefore, accept the bond tendered, and which is in the shape as indicated

above, and enter an order discharging Mr. Galbraith from liability for any subsequent act, &c., of the administratrix.